IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RYAN SIMKO | ) |
| Plaintiff, | ) CASE NO. 1:07 CV 2497 |
| v. | ) JUDGE CHRISTOPHER A. BOYKO |
| CMI TEREX CORPORATION | ) |
| Defendant. | ) |

## AGREED PROTECTIVE ORDER

WHEREAS, plans, blueprints, design drawings, financial documents, and other materials and information have been sought by the Plaintiffs, and have been and will be produced by the Defendant CMI Terex Corporation, ("CMI Terex"), in the above-captioned matter, which plans, blueprints, design drawings, financial documents, or other materials are contended to be, comprise or reflect trade secrets, confidential, or otherwise privileged proprietary or commercial information;

IT IS HEREBY ORDERED that:

1. This Order shall control the confidentiality of information contained in plans, blueprints, design drawings or other materials produced by CMI Terex, both prior and subsequent to the entry of this Order in this action.

2. The information given or produced in this action and designated as **confidential** by CMI Terex shall be treated by the parties and their counsel, and any agents or witnesses of parties, such as experts, as being confidential.

3. Unless agreed to in writing by counsel for CMI Terex, the parties to whom such confidential information is disclosed may themselves disclose such information only to the following persons and under the following conditions:

    A. To counsel of record, their associated attorneys, their regularly employed support staff, including paralegal and clerical personnel, engaged in the conduct of this action;

    B. To the court, and court personnel, including stenographic reporters regularly employed by the Court;

    C. To stenographic reporters not regularly employed by the Court, who are engaged in such proceedings as are necessarily incident to the conduct of this action.

    D. To witnesses or prospective witnesses or other persons requested by counsel to furnish technical or other expert services, to give testimony, or to otherwise prepare for any deposition, hearing, trial or other proceeding in this action, who signed before disclosure to them a written assurance set forth in Exhibit "A" attached hereto.

4. Copies of any discovery material needed to enable any expert to perform in such capacity in this case may be provided to expert witnesses retained by counsel in this case, but any expert provided with copies of discovery documents shall be advised by the counsel providing such material that it may not be further copied or reproduced or disseminated by such experts to any other person or organization. No counsel in this case, nor any employee or representative of any such counsel, shall otherwise reproduce or copy or disseminate or disclose in any manner to any other person or organization, any of the information contained in any of the documents and records and discovery materials produced in this case.

5. The use and disclosure of confidential information by the parties or expert witnesses to whom such information is disclosed shall be confined to what is reasonably

necessary to effect the prosecution of this action only, during the pendency of this action, and all other use and disclosure by them during the pendency of this action or after its termination is hereby prohibited.

6. Plans, blueprints, design drawings, financial documents, or other material or information for which confidential status is claimed CMI Terex shall be maintained in confidential status, subject to the provisions of this Order. Any confidential material, or any pleading, motion or other paper containing or in any way referring to any confidential information, filed with the Court shall be filed under seal, maintained as a confidential file by the Court and shall not be opened without further order of the Court. The envelope in which such confidential material is filed should be marked **"Confidential: subject to the terms of the Protective Order dated _____"** prominently on the front and back. One copy of any confidential material filed with the Court shall be furnished to opposing counsel.

7. The transcripts of deposition or trial testimony given by any person in this matter relating to confidential information produced by or on behalf of CMI Terex will not be copied or reproduced in any manner nor exhibited or made available to any person except those described in paragraph 3.

8. If opposing counsel shall object to the designation of any plans, blueprint, design drawing, financial documents, or other material or information as confidential, they shall notify CMI Terex's counsel. If the dispute cannot be resolved by agreement, opposing counsel may apply to the Court for a ruling that the plans, blueprints, design drawings, financial documents, or other material or information shall not be designated confidential. Until the Court enters an order changing the confidential designation, the

plans, blueprints, design drawings, financial documents, or other material or information shall be deemed confidential and shall remain subject to the restrictions on disclosure provided herein.

9. Upon the conclusion of the present action and any appeal, opposing counsel shall return all confidential documents, blueprints, financial documents, or other materials or information, including summaries and any copies thereof (including all copies provided to consultants and expert witnesses) and the original affidavits signed pursuant to this Protective Order to CMI Terex within thirty (30) days.

s/Christopher A. Boyko
The Honorable Judge Christopher A. Boyko
August 7, 2008

APPROVED BY:

_____
Cary E. Hiltgen (OBA # 4219)
Lance C. Cook (OBA # 21143)
Hiltgen & Brewer, P.C.
One Benham Place, Suite 800
9400 North Broadway Extension
Oklahoma City, OK 73114-7401
(405) 605-9000
(405) 605-9010 (Facsimile)
Email: cehiltgen@hiltgenbrewer.com
lcook@hiltgenbrewer.com

**ATTORNEY FOR DEFENDANT**

_____
Richard V. Zurz, Jr., Esq.
Slater & Zurz
One Cascade Plaza, Suite 2210
Akron, OH 44308-1135
(330) 762-0700
(330) 762-3923 (Facsimile)
Email: slaterzurz@slaterzurz.com

**ATTORNEYS FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

RYAN SIMKO, )
) CASE NO. 1:07 CV 2497
)
Plaintiff, ) JUDGE CHRISTOPHER A. BOYKO
)
v. )
)
CMI TEREX CORPORATION, )
)
Defendant. )

### AFFIDAVIT OF NOTICE OF PROTECTIVE ORDER

I, _____, the undersigned affiant do hereby acknowledge and state:

    1.    That on the ___ day of _____, 200_, the parties to the above-captioned case submitted a stipulated agreement as indicated by their affixed signatures. The Court, having examined the stipulation of the parties and being fully advised on the matter, found that a Protective Order should be entered governing documents, testimony, information, or things produced in discovery in this case by CMI TEREX CORPORATION (hereinafter referred to as "CMI TEREX").

    2.    I understand that CMI TEREX marked with a protective legend all copies of documents that they deem to contain Confidential Information.

    3.    I understand that the Confidential Information shall be used only for the purposes of this case, including trial and preparation for trial; shall not be used for any other purpose, including other litigation.

    4.    I have been provided certain Confidential Information in this case.

    6.    Before such Confidential Information was provided to me, I was advised of the existence and provided a copy of the attached executed Agreed

Protective Order.

7. I understand that I am bound by the provisions of the Agreed Protective Order and am subject to all appropriate sanctions and remedies for any violation thereof.

8. I understand that the Confidential Information shall not be disclosed to any employee or consultants of any other competitor manufacturer or to any expert or witness who is employed by another manufacturer without first obtaining a signed Agreement to Maintain Confidentiality.

9. I understand that if CMI TEREX has reason to believe that a competitor company has improperly acquired or learned of Confidential Information, that upon receipt of a written demand from CMI TEREX, I shall reveal whether or not Confidential Information has been disclosed to any employee or consultants of such competitor company.

10. I understand that all documents or information designated confidential shall retain that designation and shall remain subject to the terms of the Protective Order unless the Court decides that challenged documents or information shall not be covered by the terms of this Protective Order and any and all proceedings and appeals challenging such decision shall have been concluded.

11. I understand that my review of the confidential documents and information for the litigants in this litigation shall not waive the confidentiality of the documents or objections to production.

12. I understand that all Confidential Information taken by whomever and in whatever form, including all copies, shall be surrendered to CMI TEREX at the conclusion of the final proceedings in this lawsuit.

13. I understand that the party receiving Confidential Information shall, at the conclusion of this lawsuit: provide an affidavit to CMI TEREX that the

Confidential Information has been surrendered to CMI TEREX; identify all persons to whom the Confidential Information was disclosed.

14. I understand that as a person examining certain of the Confidential Information or to whom any of the contents thereof are disseminated hereby agree to be subject to the jurisdiction of this Court for appropriate proceedings in the event of any violation or alleged violation of the Protective Order.

15. I understand that the terms of this Protective Order shall survive and remain in effect after the termination of this and any related lawsuit.

Affiant Further Saith Not:

Dated: _____          _____

Subscribed and sworn to before me this _____ day of _____, 2008.

(SEAL)                          _____
                                          Notary Public

3